## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES L. GRIFFIN, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-cv-1197 (VLB) |
| | : | |
| PETER MURPHY, *et al.* | : | |
| *Defendants.* | : | February 7, 2019 |

### RULING ON MOTION TO AMEND COMPLAINT (Dkt. No. 28)

On July 17, 2018, the plaintiff, James L. Griffin, an inmate currently confined at Garner Correctional Institution in Newtown, Connecticut, filed a complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983, against seven Connecticut Department of Correction ("DOC") officials in their individual capacities for violating his Eighth and Fourteenth Amendment rights while he was confined at the Cheshire Correctional Institution ("Cheshire"). Compl. (Dkt. No. 1). The seven defendants are District Administrator Peter Murphy, Lieutenant Eberie, Lieutenant Matuszczak, Correctional Counselor Pacelli, Correction Officer Torres, Correction Officer Verdura, and Correction Officer Peracchio. He sought damages and declaratory relief. *Id.* at 14-16. After initial review, the Court permitted the plaintiff's claims for damages to proceed against all defendants except District Administrator Murphy. Initial Review Order (Dkt. No. 7) at 12. The Court also dismissed the plaintiff's claim for declaratory relief. *Id.* The defendants answered the complaint on November 9, 2018. Answer (Dkt. No. 19).

On January 23, the plaintiff filed the instant motion to amend his complaint. Mot. to Amend (Dkt. No. 28). Based on the Court's review of the attached amended complaint (Dkt. No. 28-1), the plaintiff seeks to add a claim that the defendants violated his First Amendment rights based on the same conduct which gave rise to his Eighth and Fourteenth Amendment claims. In the interest of justice, the Court will GRANT the motion to amend the complaint and permit the First Amendment claim to proceed against the defendants in their individual capacities.

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or, if a responsive pleading is required, within twenty-one days after service of the responsive pleading. *See* Fed. R. Civ. P. 15(a); *O'Dell v. Bill*, No. 9:13-CV-1275 (FJS/TWD), 2015 WL 710544, at *44 (N.D.N.Y. Feb. 18, 2015). In all other cases, the plaintiff may amend his complaint only with the Court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that the Court's permission to amend a complaint "shall be freely given when justice so requires." "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular

force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (internal quotations omitted).

Although he is not entitled to amend as a matter of right because over two months have elapsed since the defendants answered the complaint, the Court does not conclude that an amended complaint will unduly prejudice the defendants. Thus, in the interest of justice, the Court will GRANT the motion to amend the complaint.

It appears from his amended complaint that the plaintiff seeks to add a First Amendment retaliation claim against the defendants for manufacturing a false disciplinary report and sanctioning him for his refusal to cooperate in an internal facility investigation. *See* Am. Compl. at 1, 16, 18. The First Amendment claim is based on the same facts which gave rise to the plaintiff's Eighth and Fourteenth Amendment claims.

"To prevail on a First Amendment retaliation claim, [the plaintiff] must establish (1) that the speech or conduct at issue was protected, (2) that the defendant[s] took adverse action against the [plaintiff], and (3) that there was a causal connection between the protected [speech] and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (internal quotation marks omitted); *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). "In the prison context, 'adverse action' is objectively defined as conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *O'Diah v. Cully*, No. 08-CIV- 941 (TJM/CFH), 2013 WL 1914434, at *9 (N.D.N.Y. May 8, 2013)

3

(quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)); *see alo Ramsey v. Goord*, 661 F. Supp. 2d 370, 399 (W.D.N.Y. 2009) (prisoners may be required to tolerate more than average citizens before alleged retaliatory action against them is considered adverse).  The plaintiff must state facts "suggesting that the protected conduct was a substantial or motivating factor in the prison official's decision to take action against [him]."  *Moore v. Peters*, 92 F. Supp. 3d 109, 121 (W.D.N.Y. 2015) (quoting *Burton v. Lynch*, 664 F. Supp. 2d 349, 367 (S.D.N.Y. 2009)).

"Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient."  *Riddick v. Arnone*, No. 3:11-CV-631 (SRU), 2012 WL 2716355, at *6 (D. Conn. July 9, 2012); *see also Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) ("virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act"). "Accordingly, plaintiffs in retaliatory motive cases must plead 'specific and detailed factual allegations which amount to a persuasive case' or 'facts giving rise to a colorable suspicion of retaliation.'"  *Moore*, 92 F. Supp. 3d at 120 (quoting *Johnson v. Eggersdorf*, 8 F. App'x 140, 144 (2d Cir. 2001)).

The Second Circuit has recognized First Amendment claims against prison officials who take adverse action against inmates for their refusal to cooperate in internal investigations.  *See Burns v. Martuscello,* 890 F.3d 77,

89 (2d Cir. 2018).  Here, the plaintiff alleged facts in support of a claim that the defendants sanctioned him after he refused to provide information about how contraband was entering Cheshire.  Officer Peracchio issued him a disciplinary report for funding money outside the facility to facilitate the importation of the contraband.  Am. Compl. at 4.  The plaintiff also alleges that, at his disciplinary hearing, Lieutenant Matuszczak said that he would find the plaintiff guilty of the charge unless he told him who was importing the contraband.  *Id.* at 6.  Construed liberally, these facts support a First Amendment retaliation claim.  Therefore, the Court will permit the First Amendment claim to proceed against the defendants in their individual capacities for damages.

The Court previously dismissed the plaintiff's claims against District Administrator Murphy for failure to sufficiently allege personal involvement.  Initial Review Order at 10-11.  The amended complaint does not allege any additional facts against Murphy.  Thus, to the extent the plaintiff wishes to reinstate Murphy as a defendant to this action, his request is denied.

The amended complaint also restates the plaintiff's claim for declaratory relief.  The Court dismissed the claim for declaratory relief as stated in the initial complaint because his request concerned only past actions; specifically, the initial guilty finding from the disciplinary report and the sanctions that followed.  *See* Initial Review Order at 11.  The amended complaint does not cure this deficiency; it does not show that the

plaintiff is subjected to any ongoing constitutional harm.  Therefore, the claim for declaratory relief remains dismissed.

## ORDERS

(1) The motion to amend the complaint (Dkt. No. 28) is GRANTED. The First Amendment claim may proceed against the defendants in their individual capacities for damages.  The claim against defendant Murphy and the request for declaratory relief remain dismissed.

(2) The clerk is directed to docket the amended complaint (Dkt. No. 28-1) as a separate entry.

(3) The defendants shall file an amended answer or motion to dismiss within twenty-one (21) days from the date of this Order.

SO ORDERED this 7th day of February, 2019 at Hartford, Connecticut.

_____
/s/
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE